956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul L. ROBINSON, Defendant-Appellant.
 No. 90-5071.
 United States Court of Appeals, Fourth Circuit.
 Argued April, 11, 1991.
Decided March 3, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-85-223-A)
 Argued: David Harrison Hopkins, Fairfax, Va., for appellant; Yoel Tobin, Tax Division, United States Department of Justice, Washington, D.C., for appellee.
 On Brief: Shirley D. Peterson, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Tax Division, United States Department of Justice, Washington, D.C., Henry E. Hudson, United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, Circuit Judge, JOHN C. GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Paul L. Robinson was convicted by a jury of conspiracy to defraud the United States by impeding the lawful functions of the Internal Revenue Service (IRS) (18 U.S.C. § 371 (1988)) and eighteen counts of mail fraud (18 U.S.C.A. §§ 1341, 1342 (West 1984 & Supp.1991)). He appeals his convictions, asserting that the district court abused its discretion in denying his pretrial motion for a bill of particulars and his motion for dismissal of the indictment or, alternatively, for access to certain grand jury materials. We affirm.
 
 
 2
 Robinson allegedly assisted in the promotion and marketing of two programs designed by Burton Linne: the Administrative Notice and Declaration of Immunity (ANDI) program and the Citizens for Dollars (CFD) program. The ANDI program promised to show its subscribers, in return for substantial fees, how to achieve "non-taxpayer" status, in part by filing "affidavits of rescission" which were supplied through ANDI and by refraining from use of the banking system. The CFD program purported to be a secret substitute for the banking system which would allow participants to reduce their taxable income by converting their assets to the silver equivalents of dollars. The original indictment set forth in considerable detail the actions taken by Linne, Robinson, and three co-defendants in furtherance of the scheme.
 
 
 3
 After he was charged, Robinson spent a number of years as a fugitive. During this time, Linne and two others involved in the scheme were convicted of conspiracy and mail fraud. One co-defendant, Robinson's son, remains a fugitive.
 
 
 4
 When he eventually came to trial, Robinson moved for a bill of particulars, claiming that he could not tell from the indictment how the government intended to show that governmental functions had been impeded. He also asked for (1) identification of various documents and advice given by the defendants which are referred to in the "Ways & Means" section of the conspiracy charge; (2) exact times and places of meetings among the defendants and a statement of which defendants performed the acts alleged; (3) the exact time, date, and place he had become a member of the conspiracy; and (4) a list of aliases and nominees he had used in order to protect him against double jeopardy. The district court denied the motion after a hearing, finding that the indictment set forth the charge with sufficient particularity.
 
 
 5
 Our review of the indictment and the record on appeal discloses that the motion was properly denied. The government's theory was obvious from the indictment: that Robinson and his co-conspirators had induced people to stop paying taxes and to attempt to hide their income from the IRS, and had fraudulently induced them to do so by promises that no adverse consequences would result and refunds for taxes already paid could be obtained. Robinson's detailed requests for information amounted to requests for specific evidence to be used by the government at trial, which is not the purpose of a bill of particulars, see United States v. Automated Medical Laboratories, 770 F.2d 399, 405 (4th Cir.1985), and was unnecessary since the government had opened its files to Robinson.
 
 
 6
 The original indictment charged that Robinson formed, directed and operated a supposed overseas investment service called the Bullion Fund. Although in his testimony Robinson admitted an association with Gordon Briggs, the man who formed the Bullion Management Corp., Ltd., in the Bahamas, an IRS investigation found no evidence of Robinson's direct involvement. Robinson was tried on a redacted indictment from which all mention of the Bullion Fund had been removed, except for a reference to a mailing sent out by CFD which announced the Bullion Fund. Nonetheless, Robinson moved twice before trial to dismiss the indictment or in the alternative for access to grand jury materials, alleging that the indictment had been obtained through fraud or prosecutorial misconduct by intentionally misleading the grand jurors about Robinson's involvement with the Bullion Fund. He supported this claim with references to the IRS report on the Bullion Fund (the Rideoutte report) and affidavits from two men who described their own investigations into the Bullion Fund in the Bahamas, which also failed to directly implicate Robinson.
 
 
 7
 However, given the strength of the government's case against Robinson based on his activities with ANDI and CFD, the minor role that allegations touching the Bullion Fund assumed in the case against Robinson, even in the original indictment, and the issuance of a redacted indictment, we can find no abuse of discretion in the denial of his motion to dismiss. Grand jury proceedings are accorded a presumption of regularity, and the petit jury's conviction of Robinson establishes his guilt beyond a reasonable doubt and renders any error in the charging decision harmless. United States v. Mechanik, 475 U.S. 66, 67 (1986). Robinson received copies of all grand jury testimony except that of government agents who did not testify at trial. Because he demonstrated no particularized need for the undisclosed grand jury materials, the denial of his alternative motion for access to those materials was also not an abuse of discretion. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). We therefore affirm the convictions.
 
 
 8
 AFFIRMED.